AMERICAN MOTORISTS INSURANCE CO, THIRD-PARTY PLAINTIFF *v.* THE BUCKEYE FIREWORKS MFG. CO., INC., ET AL., THIRD-PARTY DEFENDANTS

Court No. 84–06–00860

(Decided March 10, 1987)

*Russotti & Barrison (Harvey Barrison),* for third-party plaintiff, American Motorists Insurance Company.

*Cole Co., L.P.A. (Leland Cole* and *Andrew F. Peck)* for third-party defendants, The Buckeye Fireworks Mfg. Co., Inc., Midwest Fireworks Mfg. Co., Inc. and Lawrence D. Lomaz.

DICARLO, *Judge:* American Motorists Insurance Company (American Motorist) seeks indemnity from third-party defendants for liability incurred by American Motorist as surety under two consumption entry bonds. American Motorist moves under Rule 37(b)(3) of the Rules of this Court for judgment by default against third-party defendants for their failure to comply with a notice of deposition and two discovery orders of this Court. The motion is granted.

In a prior opinion the Court entered judgment for the government in an action under 28 U.S.C. § 1582(2) (1982) to collect unpaid Customs duties under the terms of certain bonds. *United States* v. *American Motorist Insurance Co.,* Slip Op. 86–7 (1986). In two causes of action, American Motorist alleges indemnification claims against Buckeye Fireworks Mfg. Co., Inc., Midwest Fireworks Mfg. Co., Inc., and Lawrence A. Lomaz. Service of process upon all third-party defendants was effectuated by service upon Mr. Lomaz on September 7, 1984.

American Motorist moved to compel oral examinations before trial of third-party defendants. The Court granted the motion, ordering third-party defendants to submit to examinations before trial on or before September 26, 1986.

On October 14, 1986 American Motorist moved under Rule 37(b)(3) for entry of judgment by default against third-party defendants for their failure to comply with the Court's order. At no time did third-party defendants inform the Court of their inability to comply with the order or seek appropriate relief. However, third-

party defendants, represented by counsel, submitted their opposition to the motion, and at a telephone conference held December 1, 1986, confirmed their willingness to appear at depositions. On that representation, the Court denied the motion to enter judgment by default, but ordered *inter alia* that depositions be completed by December 23, 1986.

Once again third-party defendants neither complied with, nor sought relief from, the Court order. American Motorist has renewed its application for an order of judgment by default.

Rule 37 authorizes the Court to make such orders as are just when a party fails to appear for a deposition after being directed to do so by the Court, including:

> An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

CIT Rule 37(b)(3).

"Sanctions pursuant to Rule 37 may be imposed only where * * * the Court has issued a discovery order and that order has been violated." *Zenith Radio Corp.* v. *United States,* 2 CIT 59, 59 (1981) (citing cases). Sanctions are applicable where there has been a serious or total failure on the part of the party directed to comply with discovery. *See id.* at 60.

In view of the willful and inexcusable violations of Court orders by third-party defendants, the Court concludes that an entry of default is warranted.

ORDERED, that the Clerk of the Court shall enter a default against third-party defendants Buckeye Fireworks Mfg. Co., Inc., Midwest Fireworks Mfg. Co., Inc. and Lawrence D. Lomaz.

ORDERED, that under Rule 55(b) of the Rules of this Court American Motorist shall submit its affidavit of the amount due within twenty days.